IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PETER M. VAN ZANTEN, DWAIN E. VITTETOE, ROBERT R. FINE, and LARRY A. MCMILLAN, Individually and On Behalf Of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KANSAS CITY LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 25-00095-CV-W-BP |

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

Pending is Plaintiffs' (1) unopposed motion for preliminary approval of the Parties' Settlement and (2) a request that the Court permit the issuance of Notice of the proposed Settlement to the putative Settlement Class (Doc. 34).[1] The Parties have entered a Settlement Agreement dated June 19, 2025 (the "Agreement"), which, together with the Exhibits to the Agreement, sets forth the terms and conditions for a proposed Settlement of this Action and for a dismissal of the Action with prejudice.[2] The Court GRANTS the motion and further ORDERS as follows:

---

[1] The Representative Plaintiffs are Peter M. van Zanten, Dwain E. Vittetoe, Robert R. Fine, and Larry A. McMillan. The Defendant is Kansas City Life Insurance Company. Defendant consents to the Court granting the relief sought. (*See* Doc. 34.)

[2] The Settlement Agreement and its Exhibits appear in the Record as Doc. 34-1. Portions of the Settlement and some Exhibits relate solely to a different case: *Sheldon v. Kansas City Life Insurance Company*, pending in the 16th Circuit Court of Jackson County, Missouri, Case No. 1916-CV26689. All capitalized terms in this Order have the same meanings ascribed to them in the Agreement.

1. <u>Jurisdiction</u>. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

2. <u>Giving Notice of the Settlement to the Class is Justified</u>. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. The first stage in the approval process requires the Court to determine whether giving notice of the proposed settlement to the putative settlement class "is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

    a.    The Court will likely approve the Settlement.

The Court finds that it will likely approve the Settlement as "fair, reasonable, and adequate" under the relevant factors identified in Federal Rule of Civil Procedure 23(e) and the additional factors considered by courts within the Eighth Circuit. *See* Fed. R. Civ. P. 23(e)(2); *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). The Settlement creates a Settlement Fund in the amount of $45,000,000, of which $40,000,000 will be allocated to the putative Settlement Class in this Action, and provides for settlement checks mailed directly to the Settlement Class Members without the need to submit a claim.[3] The Settlement returns to class members a material portion of the actual cost of insurance overcharges they allegedly suffered under Plaintiffs' theory of the case, as adjusted according to the Distribution Plan proposed by Class Counsel. This is an excellent result for the Settlement Class when compared to the very substantial litigation risks

---

[3] The remaining $5 million of the Settlement Fund is allocated under the Settlement to settle claims asserted in *Sheldon v. Kansas City Life Insurance Company*, pending in the 16th Circuit Court of Jackson County, Missouri, Case No. 1916-CV26689, approval of which will be presided over by the Hon. Marty J. Seaton of that court. The Court focuses its analysis on the fairness of the Settlement relative to the Settlement Class Members.

facing the Settlement Class Members going forward, considering the evidentiary complexity of the actuarial processes and damages calculations at issue, and statute of limitations challenges given the duration of the allegedly improper conduct. Further, the length of time and the expense that would be necessary to continue to litigate Plaintiffs' cases through trials and appeals would be considerable.

In addition, the Court finds that:

- the Representative Plaintiffs and Class Counsel have provided adequate representation to the Settlement Class;

- the proposed Settlement, which is the product of several informal discussions subsequent to a full-day mediation session before a well-respected mediator, was negotiated at arm's length; and

- the Settlement treats the Settlement Class Members equitably relative to each other by awarding them a proportion of the Cost of Insurance and Monthly Expense Charge charges they each actually paid, in addition to providing equitable adjustments as to Settlement Class Members whose policies remain in effect and for those who have already received compensation through judgments in the Related Actions.

The Court also finds that the Settlement's provision for an award of attorneys' fees of up to one-third of the Settlement Fund and reimbursement of litigation expenses supports approval of the Settlement because the Settlement is not conditioned on the Court's approval of the fees and expenses. The Court will separately consider the reasonableness of the requested fee and expense award upon further briefing by Class Counsel and after considering the views (if any) expressed by Settlement Class Members.

b. The Court is likely to certify the Settlement Class.

The Settlement Class consists of the Owners of approximately 88,000 Policies; a list of the policy numbers appears as Exhibit A to the Agreement. The Policies are all Universal Life and Variable Universal Life policies issued or administered by Defendant under the following plans that were active on or after January 1, 2002: Better Life Plan, Better Life Plan Qualified, LifeTrack, AGP, MGP, PGP, Chapter One, Classic, Century II, Rightrack (89), Performer (88), Performer (91), Prime Performer, Competitor (88), Competitor (91), Executive (88), Executive (91), Protector 50, LewerMax, Ultra 20 (93), Competitor II, Executive II, Performer II, and Ultra 20 (96), except Century II policies issued in the State of Missouri.

The Court finds that it will likely be able to certify the Settlement Class for purposes of entering judgment on the Settlement under Rule 23(a) and (b)(3). The Settlement Class, which includes Owners of approximately 88,000 Policies,[4] is sufficiently numerous. Also, because the Policies are materially identical and Kansas City Life's alleged conduct relevant to the Settlement Class Members' claims was uniform, the Representative Plaintiffs are adequate to represent the Settlement Class. In other words, their claims are typical of those of the Settlement Class Members. Further, the meaning of the Policies, and whether Kansas City Life's conduct complied with the Policies, are common, predominating questions, and a class action is a superior form of adjudication over individual lawsuits. Additionally, because this matter is being settled rather than litigated, the Court need not consider manageability issues that may be presented by a trial. There is also no issue with this Court certifying a multi-state class of insurance policy owners making

---

[4] The Settlement Class excludes Defendant; any entity in which Defendant has a controlling interest; any of the officers, employees, or board of directors of Defendant; the legal representatives, heirs, successors, and assigns of Defendant; anyone employed with Plaintiffs' law firms; and any Judge to whom this Action or a Related Action is assigned, and his or her immediate family.

similar claims on form policies for purposes of settlement because issues related to application of potentially different state laws do not (1) predominate over individual issues or (2) pose manageability problems in this context.

3. <u>Class Counsel</u>. Plaintiffs' counsel, Stueve Siegel Hanson LLP and Schirger Feierabend LLC, have experience litigating complex cost-of-insurance overcharge cases and have been appointed as class counsel in dozens of class actions, including those asserting the same claims in other courts as are at issue here. Accordingly, the Court finds these counsel are competent, experienced, and qualified to represent the proposed Settlement Class and therefore appoints these counsel as interim class counsel of the proposed Settlement Class pursuant to Rule 23(g)(3), pending certification of the Settlement Class, for purposes of issuing Class Notice.

4. <u>Settlement Administrator</u>. The Court appoints Analytics LLC ("Analytics") as the Settlement Administrator, with responsibility for Class Notice and claims administration.

5. <u>Notice</u>. The proposed Class Notice program set forth in the Agreement and the declaration of Richard Simmons, and (with one amendment) the Class Notice attached to the Agreement as Exhibit B-1, are hereby approved.[5] Non-material modifications to the Class Notice,

---

[5] Following informal communications with the parties, Question 3 on the Notice will be amended to read as follows:

Question 3

There have been other cases filed against KCL regarding the allegations described in Question 2 including:

- Karr v. Kansas City Life Insurance Co.
- Meek v. Kansas City Life Insurance Co.
- Sheldon v. Kansas City Life Insurance Co.
- Fine v. Kansas City Life Insurance Co.
- McMillan v. Kansas City Life Insurance Co.

including insertion of hyperlinks and dates, may be made without further order of the Court so long as counsel for the Parties have reviewed and agree to the phrasing of the non-material modifications.

The Court finds that the proposed form, content, and method of giving Class Notice (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise putative class members of the pendency of the Action, of the terms of the proposed Settlement, and their rights under the proposed Settlement, including their rights to object to or exclude themselves from the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all putative class members; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and the Due Process Clause of the United States Constitution. The Court further finds that the Class Notice is written in plain language, uses simple terminology, and is designed to be understandable by the putative class members.

---

The first two cases (Karr and Meek) are separate from this case. If you were a class member in either of those cases, you should have received a separate notice and may have been entitled to, or have already received, a payment. You may also be entitled to a payment as part of this settlement for alleged overcharges that occurred outside the period of time covered by the outcome in those two cases. The third case (Sheldon) is subject to a settlement being overseen by another judge and members of that class should receive a separate notice of settlement. The last two cases (Fine and McMillan) will be resolved as part of this settlement if it is approved by the Court.

If you do not want to participate in this settlement and want to exclude yourself from this class, as it is described in Question 1, you must follow the exclusion requirements described in Question 11, <u>even if you asked to be excluded and were excluded in one or more of the other cases</u>. Otherwise, you will be bound by the terms of this settlement if it is approved. If you want to receive a payment if this settlement is approved and you are a member of the class described in Question 1, you don't have to take any action.

If you have any questions about your membership in any of the classes, please contact class counsel.

The Settlement Administrator and the Parties are directed to carry out the Class Notice provisions of Section 4 of the Agreement.

6. <u>Exclusion from Class</u>. Any class member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to be excluded from the Settlement Class to the Settlement Administrator at the address and in the manner provided in the Class Notice. Requests for exclusion must meet the opt-out deadline established by this Order and stated in the Court-approved Class Notice.

7. <u>Class Action Fairness Act Notice</u>. Within 10 days after the filing of the motion for preliminary approval and to permit issuance of notice, the Settlement Administrator shall serve or cause to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

8. <u>Fairness Hearing</u>. A Fairness Hearing shall be held on December 12, 2025, at 10:00 A.M. at the United States District Court for the Western District of Missouri at Kansas City, Missouri, in Courtroom 7A, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this case should be dismissed with prejudice pursuant to the terms of the Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Agreement; (e) the application for Class Counsel's Fees and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application for Plaintiffs' Service Awards should be approved.

9. <u>Objections and Appearances</u>. Any Settlement Class Member may appear and explain why the proposed Settlement should or should not be approved as fair, reasonable, and

7

Case 4:25-cv-00095-BP     Document 37     Filed 07/14/25     Page 7 of 9

adequate, why a judgment should or should not be entered, why Class Counsel's Fees and Expenses should or should not be awarded, and/or why Plaintiffs' Service Awards should or should not be awarded. However, no Settlement Class Member or any other person shall be heard or entitled to contest such matters unless he or she has complied with the deadline established by this Order and the requirements for objections set forth in the Court-approved Class Notice. Any Settlement Class Member who does not properly make his or her objection shall be deemed to have waived any objection and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement and to the award of Class Counsel's Fees and Expenses or Plaintiffs' Service Awards, unless otherwise ordered by the Court.

10. <u>Continuance of Hearing</u>. The Court reserves the right to adjourn or continue the Fairness Hearing and related deadlines without further mailed notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed by the Parties, if appropriate, without further notice to the Settlement Class.

11. <u>Schedule and Deadlines</u>. The Court orders the following schedule for the specified actions and further proceedings:

| EVENT | TIMING |
|---|---|
| Deadline for Settlement Administrator to disseminate CAFA notices | According to the parties, this should have already been completed |
| Deadline for Kansas City Life to provide Notice List to Settlement Administrator | August 4, 2025 |
| Deadline for the Settlement Administrator to mail Court-approved Class Notice to Settlement Class | August 28, 2025 |

| | |
|---|---|
| Deadline for Class Counsel to file motion for Fees and Expenses and for Service Awards | October 6, 2025 |
| Deadline for motion for final approval of Settlement | November 21, 2025[6] |
| Objection deadline | October 27, 2025 |
| Opt-out deadline | October 27, 2025 |
| Deadline for Class Counsel to file with the Court all objections served on the Settlement Administrator | November 3, 2025 |
| Deadline for responses to any timely objections | November 21, 2025 |
| Fairness Hearing | December 12, 2025 at 10:00 a.m. |

IT IS SO ORDERED.

Date: July 14, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] In addition to the typical requirements for such a motion, the Motion for Final Approval should advise the Court (1) how many Notices were issued and (2) how many Notices were returned as undeliverable.